UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 15-cr-117-pp

ALVERA GADDIS,

        Defendant.

---

**ORDER DENYING DEFENDANT'S LETTER REQUEST FOR TRANSFER (DKT. NO. 968)**

---

On January 16, 2020, the court revoked the defendant's supervised release and sentenced her to serve three months in custody with no supervised release to follow. Dkt. Nos. 957, 958.

The defendant has written the court, indicating that she is getting close to her release date. Dkt. No. 968. (The Bureau of Prisons Inmate Locator web site shows the defendant's projected release date as April 26, 2020. https://www.bop.gov/inmateloc/. She explains that she lost everything while she has been incarcerated, and that she doesn't have anywhere to go once she's released. Dkt. No. 968 at 1. She asks the court to get her into "the federal building on 25th and Locust" for the rest of her prison term, so that she can work, save some money and figure out where to go. Id. She wants to open her own business for preteens who are recovering from drugs. Id.

The court regrets all that the defendant has lost, and the fact that she faces release from custody with nowhere to go, especially in these uncertain

times. Unfortunately, the court does not have the authority to order the Bureau of Prisons to place an inmate at a particular location. "When a court sentences a federal offender, the [BOP] has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f)." Tapia v. United States, 564 U.S. 319, 331 (2011). It is the Bureau of Prisons, not this court, that decides where to place an inmate. Section 3624(c) of the criminal code directions that the Bureau of Prisons "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." So the BOP is supposed to try to put an inmate in some sort of halfway house or community correctional facility toward the end of the person's sentence, if possible. But this court can't order the BOP to put the defendant in a particular place.

The court notes that the defendant is in Kenosha right now. There is a homeless shelter in Kenosha, including the Shalom Center, (262) 658-1713. That shelter also can provide information about other shelters not far from Kenosha. The Emergency Services Network of Kenosha County provides information about meals, food pantries and shelter. https://www.esnkenosha.org. Other resources include the Kenosha County Department of Human Resources Kenosha Job Center General Reception Desk,

(262) 697-4700; the Kenosha Human Development Services, (262) 657-7188; the Kenosha County Center, (262) 857-1967; the Sharing Center, (262) 298-5535; and Women and Children's Horizons, (262) 652-9900.

The court urges the defendant to take care of herself and to try to be safe. It regrets that it does not have the authority to grant her request.

The court **DENIES** the defendant's letter request for placement at 25th and Locust. Dkt. No. 968.

Dated in Milwaukee, Wisconsin this 30th day of March, 2020.

                              **BY THE COURT:**

                              _____
                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**